# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ALTHEIA WOODS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**NORTH STAR INSURANCE ADVISORS LLC,** a Missouri company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Altheia Woods ("Plaintiff Woods" or "Woods") brings this Class Action Complaint and Demand for Jury Trial against Defendant North Star Insurance Advisors LLC ("Defendant" or "North Star") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to cellular telephone numbers *without consent*. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Woods, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Altheia Woods is a resident of Marshall, Missouri.

2. Defendant North Star Insurance Advisors is a Missouri registered company headquartered in Wentzville, Missouri. Defendant North Star conducts business throughout this District and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is appropriate because the Defendant's headquarter is located in this District and the wrongful conduct giving rise to this case was directed by the Defendant from this District in connection with the business Defendant conducts in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2021 alone, at a rate of 147.6 million per day. www.robocallindex.com (last visited May 20, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Defendant North Star sells final expense insurance to consumers on the telephone.[3]

15.     Defendant North Star uses telemarketing to solicit potential customers for its final expense insurance packages.

16.     Defendant North Star calls consumers with a pre-recorded voice message without first obtaining the consumer's prior express written consent.

17.      Defendant North Star uses the name Senior Benefits while placing many of these calls, just as they did in the calls they made to the Plaintiff.

18.     A former employee of the Defendant posted a review of their experience while working for the Defendant, stating that their job entailed "Constantly harassing people about 'senior benefits."[4]

**Worst job I ever had**

Pre qualifier (Former Employee) - Wentzville, MO - February 24, 2019

Quite terrible actually. A good call center though, not the best one but no shabby. Music was loud, like calling people in a nightclub. Constantly harassing people about "senior benefits." [5]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://northstaria.com/about/
[4] https://www.indeed.com/cmp/North-Star-Insurance-Advisors,-LLC/reviews?fcountry=ALL&start=20
[5] https://www.indeed.com/cmp/North-Star-Insurance-Advisors,-LLC/reviews?fcountry=ALL&start=20

3

19. Other former employees of the Defendant have also made complaints online about the cold calls that they were required to make on behalf of the Defendant, for instance:

**Cold calls!**

Insurance Sales Agent (Former Employee) - Wentzville, MO - March 23, 2020

This company sounds great, and so does the pay, but just so you know, you will be making all cold calls and have an unreasonable sales goal. You are forced to push and push the customer. I had to keep someone on the phone that said she was driving her grandkids and couldn't safely talk right now. [6]

**I Wouldn't Do It If I Were You**

Feb 9, 2021 - Insurance Agent in Wentzville, MO

✗ Recommend   ✓ CEO Approval   ✗ Business Outlook

**Pros**
Great training program, no glass ceiling (you work hard, it pays off.

**Cons**
You have to filter through a lot of calls to get sales, many people you speak with half the time aren't interested or don't qualify. $500 due monthly to work for them. No other benefits. [7]

20. Multiple consumers have posted complaints online about receiving unwanted pre-recorded telemarketing calls from Defendant North Star, including:

- "Called in the early evening.  Caller ID listed "Carolina Bch, NC."  Left part of a robo message asking the listener to listen to a 3-minute pre-recorded message. . . . Another website has identified the number with a senior scam!"[8]
- "Claims to be 'Senior Benefits,' a known scam preying on 'Seniors.'  Give them NO personal information.  They are just thieves."[9]
- "They have called everyday now for a month now. I know it is some kind of scam and I don't know how to stop them from calling"[10]
- "'SENIOR BENEFITS' SCAM. Sick of these CRIMINALS PREYING ON THE ELDERLY and INNOCENT!"[11]
- "I press option #2 to remove me, but they still continue to call me."[12]

---

[6] https://www.indeed.com/cmp/North-Star-Insurance-Advisors,-LLC/reviews?fcountry=ALL
[7] https://www.glassdoor.com/Reviews/North-Star-Insurance-Advisors-Reviews-E1053969_P3.htm
[8] https://800notes.com/Phone.aspx/1-910-216-2530
[9] *Id.*
[10] *Id.*
[11] https://findwhocallsyou.com/9102162530
[12] *Id.*

4

- "Called me a few times."[13]
- "I press 2 but Senior Benefits just keeps on calling. These guys need to be stopped!"[14]

21.     In response to these calls, Plaintiff Woods files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF WOODS'S ALLEGATIONS

22.     On March 25, 2021 at 8:25 AM, Plaintiff Woods received a pre-recorded call to her cell phone from phone number 660-460-4033 by the Defendant.

23.     The Plaintiff answered the call and a pre-recorded message began playing.

24.     The company name stated in the pre-recorded message was "Senior Benefits."

25.     The pre-recorded message asked Plaintiff to press '2' if she was interested in learning more about final expense insurance.

26.     Plaintiff pressed '2' and was transferred to a pre-qualifying agent named April.

27.     After answering a couple of questions, Plaintiff asked the agent what company she was speaking with. The agent said that the Plaintiff had contacted Senior Benefits and then proceeded to ask another question. Plaintiff Woods disconnected the call without answering any more questions.

28.     Phone number 660-460-4033 is registered to Senior Benefits according to Whitepages.[15]

29.     If one calls 660-460-4033, they will be transferred to speak with a pre-qualifying agent of Defendant North Star.

30.     Plaintiff did not provide her consent to North Star to place pre-recorded calls to her cell phone number.

31.     The unauthorized solicitation telephone call that Plaintiff received from Defendant, as alleged herein, has harmed Plaintiff Woods in the form of annoyance, nuisance,

---

[13] https://800notes.com/Phone.aspx/1-660-460-4033
[14] https://findwhocallsyou.com/6604604033?CallerInfo#Done
[15] https://www.whitepages.com/phone/1-660-460-4033?fromPopSearch=true

and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

32. Seeking redress for these injuries, Plaintiff Woods, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

33. Plaintiff Woods brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message, and (3) for whom the Defendant claims it obtained consent to call the person or the person's number in the same manner as Defendant claims it supposedly obtained consent to call Plaintiff or Plaintiff's number.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Woods anticipates the need to amend the Class definitions following appropriate discovery.

35. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant placed pre-recorded voice message calls to Plaintiff Woods and members of the Pre-recorded No Consent Class;

(b) whether the calls were made without first obtaining prior express written consent of Plaintiff Woods and members of the Pre-recorded No Consent Class;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff Woods will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Woods has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Woods and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Woods nor her counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Woods. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Woods and the Pre-recorded No Consent Class)**

39. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40. Defendant North Star transmitted unwanted solicitation telephone calls to Plaintiff Woods and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

41. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Woods and the other members of the Pre-recorded No Consent Class.

42. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Woods and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Woods individually and on behalf of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Woods as the representative of the Class; and appointing her attorneys as Class Counsel;

b. An award of actual and/or statutory damages and costs;

c. An award of attorney's fees;

d. An order declaring that Defendant's actions, as set out above, violate the TCPA;

e. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

f. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Woods requests a jury trial.

DATED this 10th day of June, 2021.

        **ALTHEIA WOODS**, individually and on behalf of all others similarly situated,

        By: <u>/s/ Mark Dean</u>
        Mark Dean
        Law Offices of Mark Dean, LLC
        12747 Olive Blvd, Ste 300
        St. Louis, MO 63141
        Telephone: (314) 675-0000
        Fax: (314) 272-6378
        Mark@markdeanlaw.com

        Avi R. Kaufman *
        kaufman@kaufmanpa.com
        KAUFMAN P.A.
        400 NW 26th Street
        Miami, FL 33127
        Telephone: (305) 469-5881

        *Attorneys for Plaintiff and the putative Class*

        *\*Pro Hac Vice motion forthcoming.*