# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **ALTHEIA WOODS, individually and on behalf of all others similarly situated**, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:21-CV-00687-SRC ) |
| **NORTH STAR INS. ADVISORS, L.L.C.**, | ) ) |
| Defendant. | ) ) |

## DEFENDANT NORTH STAR INSURANCE ADVISORS, L.L.C.'S
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE

Defendant North Star Insurance Advisors, L.L.C., by and through counsel, for its Motion to Dismiss or, in the Alternative, to Strike, states to the Court as follows:

1. On June 14, 2021, Plaintiff Altheia Woods (hereinafter "Woods") filed a Complaint herein (hereinafter the "Complaint"), individually and purportedly on behalf of a supposed class of other individuals, bringing one count against Defendant North Star Insurance Advisors, L.L.C. (hereinafter "North Star") purportedly under the Telephone Consumer Protection Act (hereinafter the "TCPA").

2. North Star moves this Court to dismiss Woods' Complaint pursuant to Fed. R. Civ. P. 12(b) (6) because it does not allege an actual violation of the TCPA and thus fails to state a claim.

3. In the alternative, in the event this Court determines that Woods' Complaint should survive North Star's Rule 12(b) (6) Motion to Dismiss, North Star hereby moves this Court to strike Paragraphs 5-13 and 18-21 and 32 of Woods' Complaint pursuant to Fed. R. Civ. P. 12(f)

because they are immaterial, impertinent and prejudicial to North Star. In addition, several of these paragraphs contain factually inaccurate information regarding North Star.

4. In the event the Court does not dismiss the Complaint, North Star also hereby moves this Court to strike Paragraphs 33-38 of Woods' Complaint, her proposed class definition, because these paragraphs create an impermissible fail-safe class of plaintiffs and is impermissible as a matter of law. Woods' proposed class definition merely paraphrases what constitutes a statutory violation under the TCPA. *See* 47 U.S.C. § 227(b) (1).

5. Further, upon the dismissal of the Complaint, North Star respectfully requests that the Plaintiff NOT be granted leave to amend, or if such leave is granted, that Plaintiff Woods be required to conduct a good faith, reasonable investigation before repleading. The instant Complaint is based wholly on a contention that Plaintiff received a pre-recorded phone message from North Star, but North Star does NOT send prerecorded messages to anyone, let alone Plaintiff, and any reasonable investigation would advise Plaintiff that she has sued the wrong company (if any company is actually liable to Plaintiff)

6. The Court is respectfully referred to North Star's Memorandum in Support of this Motion and the authority set forth therein, filed contemporaneously herewith and incorporated herein by this reference.

WHEREFORE, Defendant North Star Insurance Advisors, L.L.C. respectfully requests this honorable Court grant its Rule 12(b) (6) Motion to Dismiss, or in the Alternative, Rule 12(f) Motion to Strike and enter an Order (1) dismissing Woods' Complaint pursuant to Fed. R. Civ. P. 12(b) (6) for failing to state a claim upon which relief can be granted without leave to amend, or if such leave is granted requiring Plaintiff to conduct a reasonable good faith investigation before repleading or, in the alternative if the Complaint is not dismissed, (2) striking Paragraphs 5-13

and 18-21 and 32, and paragraphs 33 -38 of the Complaint., (3) awarding Defendant its attorney's fees incurred in connection with this Action, and (3) granting such other and further relief that is just and proper.

          Respectfully submitted,

          RIEZMAN BERGER, P.C.

Dated: July 30, 2021        By:  /s/Charles S. Kramer
          Charles S. Kramer, 34416 (MO)
          Michael R. Cherba, 59642 (MO)
          7700 Bonhomme Ave., 7th Floor
          Saint Louis, Missouri 63105
          Telephone: (314) 727-0101
          Facsimile: (314) 727-6458
          E-Mail:   ckramer@riezmanberger.com
                        mrc@riezmanberger.com

          ATTORNEYS FOR DEFENDANT NORTH STAR INSURANCE ADVISORS, L.L.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of July 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

                            /s / Charles S. Kramer